**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000597
15-OCT-2025
07:55 AM
Dkt. 77 SO**

NO. CAAP-23-0000597

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
RENARD C. DAVIS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
ʻEWA DIVISION
(CASE NO. 1DTC-23-038189)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Renard C. Davis (**Davis**) appeals from and the Notice of Entry of Judgment and/or Order and Plea/ Judgment (**Judgment**) entered on September 20, 2023, and the Free Standing Order of Restitution (**Restitution Order**) entered on September 27, 2023, in the District Court of the First Circuit, ʻEwa Division (**District Court**).[1]  Pursuant to a plea agreement, the District Court convicted Davis of Driving Without a License, in violation of Hawaii Revised Statutes (**HRS**) § 286-102, and Striking an Unattended Vehicle, in violation of HRS § 291C-15. Following a restitution hearing, the District Court ordered Davis:  (A) to pay restitution in the amounts of $500 to complaining witness Sharlayna Ramiro (**Ramiro**) and $12,391.98 to complaining witness Joanne Ferreira (**Ferreira**); and (B) to pay the restitution at the rate of $30 per month.

---

[1]    The Honorable Tracy S. Fukui presided.

On appeal, Davis contends that the District Court erred:  (1) in awarding $12,391.98 in restitution to Ferreira, where the State failed to make a prima facie showing that the amount was reasonable under HRS § 706-646; and (2) in ordering Davis to pay restitution to Ferreira at the rate of $30 per month, where the court "failed to consider Davis's financial ability to make restitution for the purpose of establishing the time and manner of payment" under HRS § 706-646(3).[2/]  Davis does not challenge the restitution award to Ramiro in any respect.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Davis's contentions as follows, and affirm.

(1)  Davis contends that the State presented insufficient evidence to show that the restitution amount awarded to Ferreira was reasonable.

Generally, under HRS § 706-646(2), a court must order a defendant to pay restitution for losses suffered by the "victim," as defined in subsection (1), as a result of the defendant's offense when requested by the victim.  HRS § 706-646(2) "imposes four requirements before restitution must be awarded; the victim's losses must be (1) 'reasonable,' (2) 'verified,' (3) 'suffered . . . as a result of the defendant's conduct,' and (4)

---

[2/]    HRS § 706-646 (Supp. 2022) states, in relevant part:

    (2) The court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim. . . .

    (3) In ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order.  The court, however, shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment.  The court shall specify the time and manner in which restitution is to be paid. . . .  Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses, including but not limited to:

        (a)    Full value of stolen or damaged property, as determined by replacement costs of like property, or the actual or estimated cost of repair, if repair is possible[.]

'requested by the victim.'" State v. DeMello, 136 Hawaiʻi 193, 196, 361 P.3d 420, 423 (2015). Thus, here, where Ferreira requested restitution, the State was required to demonstrate by a preponderance of the evidence that her alleged losses were reasonable, verified and caused by Davis. See HRS § 706-646(2); State v. DeMello, 130 Hawaiʻi 332, 343-44, 310 P.3d 1033, 1044-45 (App. 2013), vacated in part on other grounds, 136 Hawaiʻi 193, 361 P.3d 420 (2015). The State bore the burden of making a prima facie showing of these losses. See DeMello, 130 Hawaiʻi at 344, 310 P.3d at 1045. If the State did so, the burden shifted to Davis to come forward with evidence supporting his challenge to the requested amount. See id.

Here, there is no dispute that Davis's conduct — driving into and thereby damaging Ferreira's parked car — caused her loss. There is also no dispute that the amount of the loss was "verified" by a repair estimate that Ferreira obtained from a legitimate repair business. Davis challenges only the reasonableness of Ferreira's requested restitution amount. He argues that because the State failed to make a prima facie showing of reasonableness, the burden never shifted to him to come forward with evidence supporting his challenge to the requested amount.

At the restitution hearing, Ferreira testified that she obtained a repair estimate from Maaco, and repairing her car would cost $12,391.98. The estimate was entered into evidence without objection. Ferreira further testified that the incident involving her car took off part of the back end on the left side, such that she would need "a whole new bumper" and related repairs involving a quarter panel, rear body, lift gate, rear bumper, and rear lamps. She testified that her insurance policy did not cover "collision," so she would have to pay for these costs out of pocket.

Davis argued that Ferreira should not recover $12,000 in restitution, where she had not yet paid to repair the damage to her car. He presented no evidence regarding the reasonableness of the requested amount.

3

The District Court ruled, in relevant part, as follows:

> With respect to Ms. [Ferreira] --
>
> . . . .
>
> So although it might seem high to a layperson, I don't have any evidence to the contrary. I mean, that's what was submitted. . . .
>
> Now, there could have been an issue whether that amount was reasonable if the total loss was less than [$]12,391.98. But there's been no evidence presented for the Court to make that determination, whether a 2012 Nissan Rogue at the time of the incident was worth less than [$]12,391.98. So this -- the Court is left to make a decision with what's before it.
>
> And there is a -- the Court finds that Ms. Ferreira was credible, that she obtained the quote and -- from a legitimate business, and that the - that quote was for $12,391.98. And the Court has no basis to find that that is not a reasonable amount. So the Court is going to order restitution in that amount as well, payable to [Ms.] Ferreira.

Davis characterizes the court's ruling as a finding that the record lacked any evidence to establish the reasonableness of the amount requested by Ferreira. Not so. HRS § 706-646(3)(a) expressly allows restitution to be based on the "estimated cost of repair, if repair is possible[.]" The State presented exactly that evidence, thereby establishing its prima facie case. The District Court merely observed that Davis could have tried to present evidence supporting his challenge to the requested amount, but did not do so.

On this record, the State presented sufficient evidence to establish that Ferreira's loss, and the corresponding restitution amount was reasonable. The District Court did not err or otherwise abuse its discretion on that basis in ordering Davis to pay the restitution amount to Ferreira.

(2) Davis contends that the District Court erred in ordering him to pay restitution to Ferreira at the rate of $30 per month, where the court allegedly failed to comply with the requirements of HRS § 706-646. Specifically, Davis argues that the court "failed to consider Davis's financial ability to make restitution for the purpose of establishing the time and manner of payment" under HRS § 706-646(3). Davis acknowledges that he did not raise this issue in the District Court, and "urges this

Court to recognize plain error."

We decline to do so in the circumstances of this case. Davis was represented by the Office of the Public Defender throughout the proceedings below, and now on appeal. At Davis's June 5, 2023 plea hearing, the District Court informed Davis, and he acknowledged, that there would be a restitution study, and the court was mandated to order restitution if it was both reasonable and verifiable. On July 25, 2023, the Adult Client Services Branch, Adult Juvenile Community Service and Restitution Unit (**A/JCSRU**) filed its Restitution Report (**Report**). As to Davis's ability to pay, the Report indicated: (1) on June 13, 2023, A/JCSRU called Davis, who requested that the relevant documentation be e-mailed to him; (2) on the same date, A/JCSRU e-mailed him a Financial Statement Form with a response date of June 28, 2023; and (3) as of the date of the Report, no further contact had been received from Davis. The Report indicated that without income and expense information from Davis, an ability-to-pay analysis could not be conducted, and recommended that Davis pay a monthly minimum of $30 per month. Thereafter, at the September 20, 2023 restitution hearing, Davis did not raise the issue of his ability to pay restitution at the recommended rate. It appears that in issuing the Restitution Order, the District Court adopted the Report's recommendation that Davis pay restitution at the rate of $30 per month. Davis still raised no objection to the time and manner of payment.

Now, on appeal, Davis asserts that the District Court's failure to consider his financial ability to make restitution for payment purposes "substantially affected Davis's fundamental rights." He cites generally to the due process and equal protection clause of the Hawaiʻi Constitution, but does not identify what substantial or fundamental right was affected, or how it was affected in these circumstances, where Davis was given multiple opportunities to address the time and manner of payment. Nor does Davis explain what substantial right could be affected, where he challenges the $30 per month payment rate as to Ferreira's restitution award, but <u>not</u> as to Ramiro's award. On this record, we decline to recognize plain error.

For the reason discussed above, we affirm the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on September 20, 2023, and the Free Standing Order of Restitution entered on September 27, 2023, in the District Court of the First Circuit, ʻEwa Division.

DATED:  Honolulu, Hawaiʻi, October 15, 2025.


On the briefs:

Jason M. Kramberg,
Deputy Public Defender,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge